**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Leslier San Martin<br>308 Spring Glen Drive<br>Ephrata, PA 17522<br><br>Plaintiff,<br><br>v.<br><br>Officer Carnathan L. Shivery<br>Northern Berks Regional Police Department<br>37 Ontelaunee Drive<br>Reading, PA 19605,<br><br>Sergeant Sean Showalter<br>Northern Berks Regional Police Department<br>37 Ontelaunee Drive<br>Reading, PA 19605,<br><br>John Doe Police Officers 1–5<br>Northern Berks Regional Police Department<br>37 Ontelaunee Drive<br>Reading, PA 19605,<br><br>Carl Moyer<br>Northern Berks EMS<br>26 W. Wall Street<br>Leesport, PA 19533,<br><br>Sheila Gonzalez<br>Northern Berks EMS<br>26 W. Wall Street<br>Leesport, PA 19533,<br><br>&<br><br>John/Jane Doe EMS Providers 1–5<br>Northern Berks EMS<br>26 W. Wall Street<br>Leesport, PA 19533,<br><br>Defendants. | : | CIVIL ACTION<br><br>No. 26-6632<br><br>TRIAL BY JURY DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his attorneys, Brian J. Zeiger, Esquire, and Laura Zipin, Esquire, hereby alleges the following:

### JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983, together with pendent claims under Pennsylvania state law.
2. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.
3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Berks County, Pennsylvania, which lies within the Eastern District of Pennsylvania.

### PARTIES

4. Plaintiff Leslier San Martin is an adult resident of Pennsylvania with a home address at 308 Spring Glen Drive, Ephrata, PA 17522.
5. Defendant Officer Carnathan L. Shivery is believed to be an adult citizen of Pennsylvania who was, at all times material hereto, employed as a police officer by the Northern Berks Regional Police Department. Defendant Shivery is sued in his individual capacity.
6. Defendant Sergeant Sean Showalter is believed to be an adult citizen of Pennsylvania who was, at all times material hereto, employed as a sergeant by the Northern Berks Regional Police Department. Defendant Showalter is sued in his individual capacity.
7. Defendants John Doe Police Officers 1–5 are additional, presently unidentified officers who responded to and/or participated in the events described herein, including officers dispatched as backup at the request of Defendants Shivery and Showalter, whose identities are expected to be ascertained through discovery.

8. Defendant Carl Moyer is believed to be an adult citizen of Pennsylvania employed as Chief of Operations and as a paramedic for Northern Berks EMS.
9. Defendant Sheila Gonzalez is believed to be an adult citizen of Pennsylvania employed as an emergency medical services provider for Northern Berks EMS.
10. Defendants John/Jane Doe EMS Providers 1–5 are additional, presently unidentified emergency medical personnel who responded to and/or participated in the events described herein, including personnel from a second Northern Berks EMS unit and Muhlenberg EMS, whose identities are expected to be ascertained through discovery.
11. At all relevant times, Defendants Shivery, Showalter, and the Doe Police Officers acted under color of state law and within the course and scope of their employment, pursuant to the customs, policies, practices, and directives of the Northern Berks Regional Police Department and/or the municipality or municipalities responsible for its operation.
12. At all relevant times, Defendants Moyer, Gonzalez, and the Doe EMS Providers acted jointly, in concert, and in coordination with the police defendants in effecting the seizure, physical restraint, and chemical sedation of Plaintiff, such that their conduct is fairly attributable to the state for purposes of 42 U.S.C. § 1983.

## FACTUAL BACKGROUND

13. Plaintiff re-alleges each and every averment set forth previously, as if the same were set forth here in full.
14. On June 24, 2025, at approximately 9:09 p.m., Plaintiff arrived at the Redner's Quick Shoppe located at 8381 Allentown Pike in Reading, Pennsylvania.
15. Plaintiff, who was experiencing a medical and/or psychiatric crisis, sat alone at a picnic table behind the store before walking into the store at approximately 9:19 p.m.

16. While inside the store, Plaintiff, believing he was dying and having a heart attack, sought help from a store employee.

17. The employee called 911, reporting that Plaintiff believed he had a hernia that was about to "push out" and that he kept repeating that he was going to die.

18. Northern Berks EMS, including Defendant Moyer, and Officer Shivery were dispatched to the scene in response to this medical emergency call.

19. Officer Shivery arrived at approximately 9:30 p.m. and located Plaintiff standing near a gas pump outside the store.

20. Plaintiff was frightened, confused, and did not believe that Defendant Shivery was a police officer, nor that Defendant Shivery and the subsequently arriving Northern Berks EMS personnel were there to help him.

21. At no point did Plaintiff commit any crime in the presence of Defendant Shivery, Defendant Moyer, or any other responding officer or EMS provider, and Plaintiff was not reasonably suspected of having committed any crime at the time of their arrival.

22. For approximately sixteen minutes after Defendant Shivery's arrival, Plaintiff repeatedly walked or paced away from Defendant Shivery and EMS personnel, at a distance, but did not attempt to flee the immediate area, threaten anyone, brandish any weapon, or engage in any violent conduct.

23. Defendant Showalter arrived at approximately 9:37 p.m. to assist Defendant Shivery.

24. Rather than continuing efforts to deescalate the encounter, or waiting for Plaintiff's evident medical or psychiatric crisis to subside, Defendant Showalter unholstered his taser and pointed it at Plaintiff.

25. Startled and frightened, Plaintiff ran into the store and then back outside.

26. As Plaintiff ran across the parking lot, Officer Shivery discharged his taser, striking Plaintiff in the back with both probes.

27. The electrical shock from the taser caused Plaintiff to immediately go rigid and fall face-first onto the pavement at full speed, without being able to break his fall.

28. As a direct and proximate result of being tased while running and falling face-first onto the pavement, Plaintiff sustained serious facial and dental injuries, including a lacerated lip, road rash to his face and right shoulder, and several missing and chipped teeth.

29. After Plaintiff fell to the ground, Defendants Shivery and Showalter physically restrained him and placed him in handcuffs while he lay prone on the pavement, within seconds of impact.

30. While Plaintiff was handcuffed and prone on the ground, Defendant Shivery placed his arm across Plaintiff's back and applied downward pressure, while Defendant Showalter placed his body weight on Plaintiff's legs.

31. Defendant Shivery continued to point his taser at Plaintiff several more seconds while Plaintiff was already prone, handcuffed, and physically restrained by Defendant Showalter.

32. Defendant Moyer and/or other EMS personnel administered at least two doses of ketamine to sedate Plaintiff while he remained handcuffed and physically restrained on the ground.

33. Plaintiff was thereafter lifted from the ground and placed on an EMS stretcher, still in handcuffs and/or shackles.

34. The taser probes remained embedded in Plaintiff's back and were still present when he arrived at the hospital.

35. Plaintiff was transported by ambulance to Reading Hospital, arriving at approximately 10:17 p.m.

36. Plaintiff was admitted to the hospital and remained hospitalized, including in the intensive care unit, until his discharge on July 11, 2025, a period of approximately seventeen days, during which he was treated for, among other conditions, acute hypoxic respiratory failure requiring intubation, acute kidney injury requiring hemodialysis, and pneumonia.

37. As a result of the incident, Plaintiff lost multiple teeth. He has since been fitted with temporary dental prosthetics but has been unable to afford permanent dental restoration, including a bridge and/or implants, to replace his missing teeth.

38. As a further result of the incident, Plaintiff has suffered significant emotional and psychological trauma, for which he has sought and continues to receive mental health counseling and therapy.

39. Following his hospitalization, Plaintiff was charged with numerous offenses, including simple assault, resisting arrest, disorderly conduct, and public drunkenness, arising from his alleged conduct during the encounter described above.

40. On August 3, 2026, all charges arising from Plaintiff's alleged conduct during his physical encounter with police, including simple assault, resisting arrest, disorderly conduct engaging in fighting, public drunkenness, and driving-related license-suspension charges, were dismissed.

41. Plaintiff pled guilty only to (a) a summary offense of illegally operating a vehicle without an ignition interlock device, for which he received no further penalty, and (b) a first-degree misdemeanor of possessing/using fraudulent inspection and emissions stickers, for which he received a sentence of probation. These offenses were discovered by police only after Plaintiff had already been tased, restrained, and transported to the hospital, and were wholly unrelated to, and incapable of justifying, the force used against him.

42. Defendant Shivery did not learn of any issues related to Plaintiff's vehicle, including those related to the stickers or ignition interlock, until after Defendant followed Plaintiff to the hospital by ambulance in the wake of Plaintiff's arrest; the stickers were discovered only upon a second, separate trip to the Redner's to examine Plaintiff's parked car.

**Count I**
**Unreasonable Seizure and False Arrest Under the Fourth Amendment, 42 U.S.C. § 1983**
**Plaintiff v. Defendants Shivery, Showalter, and John Doe Officers**

43. Plaintiff incorporates each and every allegation contained in the foregoing paragraphs of this Complaint as if the same were set forth at length herein.

44. At the time Defendants Shivery and Showalter seized Plaintiff by force, Plaintiff had not committed, and was not reasonably suspected of having committed, any crime.

45. Defendants lacked probable cause, reasonable suspicion of criminal activity, or any other lawful justification to seize Plaintiff by force.

46. The vehicle offenses to which Plaintiff ultimately pled guilty, a summary ignition-interlock violation and a fraudulent-inspection-sticker misdemeanor, are unrelated to the seizure described above, and were discovered by police only afterwards; they therefore provide no basis for probable cause at the time Defendants arrested/seized Plaintiff.

47. Probable cause or a subsequent conviction as to those unrelated offenses does not defeat Plaintiff's claim regarding the seizure of his person. *See Chiaverini v. City of Napoleon*, 602 U.S. 556, 559 (2024) (probable cause for one charge does not categorically bar a Fourth Amendment claim as to other charges lacking probable cause).

48. Plaintiff's guilty plea to those unrelated offenses likewise does not bar this claim, as Plaintiff was not convicted of any offense arising from a common nucleus of operative fact with his seizure. *See Henley v. Payne*, 945 F.3d 1320, 1327–28 (11th Cir. 2019) (*Heck v.*

*Humphrey* does not bar a false arrest claim where the plaintiff's guilty plea was to charges unrelated to the arrest at issue).

49. Defendants' seizure of Plaintiff's person was unreasonable and violated Plaintiff's rights under the Fourth Amendment to the United States Constitution.

50. On information and belief, Defendants' actions were taken intentionally, willfully, and/or with deliberate indifference to Plaintiff's clearly established constitutional rights, in violation of the United States Constitution and 42 U.S.C. § 1983.

51. Defendants' actions were a factual and proximate cause of Plaintiff's substantial damages and harm.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of two hundred fifty thousand dollars ($250,000) in compensatory damages, punitive damages, delay damages, interest, attorney's fees, and allowable costs of suit, and brings this action to recover same.

**Count II**
**Excessive Force Under the Fourth Amendment, 42 U.S.C. § 1983**
**Plaintiff v. Defendants Shivery, Showalter, and John Doe Officers**

52. Plaintiff incorporates each and every allegation contained in the foregoing paragraphs of this Complaint as if the same were set forth at length herein.

53. Defendants' actions were taken under color of state law, are state action under 42 U.S.C. § 1983, and deprived Plaintiff of his rights, privileges, and/or immunities secured by the Constitution and laws of the United States, including his right to bodily integrity and his right to be free from unreasonable seizure and excessive force.

54. Plaintiff believes and therefore avers that the amount of force used against him, including the use of a taser against a nonviolent, unarmed individual who was known or reasonably should have been known to be experiencing a medical and/or psychiatric crisis, causing him to fall face-first onto pavement, the continued pointing of a taser at Plaintiff after he

was already prone and being restrained, and the continued application of body-weight restraint after Plaintiff was handcuffed and subdued, was unnecessary and unreasonable under the circumstances.

55. Defendants Shivery and Showalter violated Plaintiff's rights under the Fourth Amendment to the United States Constitution by using excessive and unreasonable force against him.

56. On information and belief, Defendants' actions were taken intentionally, willfully, and/or with deliberate indifference to Plaintiff's rights, and violated Plaintiff's rights under the United States Constitution and 42 U.S.C. § 1983.

57. The actions of Defendants Shivery and Showalter were a factual and proximate cause of Plaintiff's substantial damages and harm, including but not limited to the loss of multiple teeth, facial lacerations, road rash, and severe emotional distress.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of two hundred fifty thousand dollars ($250,000) in compensatory damages, punitive damages, delay damages, interest, attorney's fees, and allowable costs of suit, and brings this action to recover same.

**Count III**
**Failure to Intervene Under 42 U.S.C. § 1983**
**Plaintiff v. Defendants Shivery, Showalter, and John Doe Officers**

58. Plaintiff incorporates each and every allegation contained in the foregoing paragraphs of this Complaint as if the same were set forth at length herein.

59. While one or more of Defendants Shivery, Showalter, and/or the Doe Police Officers used excessive and unreasonable force against Plaintiff, the remaining Officer Defendants took no reasonable steps to protect Plaintiff, despite being present, in a position to do so, and having a duty to intervene.

60. Defendants' failure to intervene was a factual and proximate cause of Plaintiff's substantial damages and harm.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of two hundred fifty thousand dollars ($250,000) in compensatory damages, punitive damages, delay damages, interest, attorney's fees, and allowable costs of suit, and brings this action to recover same.

**Count IV**
**Assault and Battery Under Pennsylvania State Law**
**Plaintiff v. Defendants Shivery and Showalter**

61. Plaintiff incorporates each and every allegation contained in the foregoing paragraphs of this Complaint as if the same were set forth at length herein.

62. Defendants Shivery and Showalter intentionally caused Plaintiff to be placed in apprehension of imminent harmful and offensive bodily contact, and intentionally caused harmful and offensive bodily contact with Plaintiff, without his consent and without legal justification.

63. The conduct of Defendants Shivery and Showalter constituted willful misconduct within the meaning of 42 Pa. Cons. Stat. § 8550, such that Defendants are not entitled to the defense of official immunity otherwise available under the Political Subdivision Tort Claims Act.

64. As a factual and proximate result of Defendants' assault and battery, Plaintiff sustained the injuries and damages set forth above.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of two hundred fifty thousand dollars ($250,000) in compensatory damages, punitive damages, delay damages, interest, attorney's fees, and allowable costs of suit, and brings this action to recover same.

**Count V**
**Negligence Under Pennsylvania State Law**
**Plaintiff v. Defendants Moyer, Gonzalez, and Doe EMS Providers**

65. Plaintiff incorporates each and every allegation contained in the foregoing paragraphs of this Complaint as if the same were set forth at length herein.

66. Defendants Moyer, Gonzalez, and the Doe EMS Providers owed Plaintiff a duty to exercise reasonable care in their evaluation, treatment, and physical and chemical restraint of Plaintiff.

67. Defendants breached that duty by, among other things, repeatedly administering ketamine to chemically sedate Plaintiff while he was physically restrained face-down and handcuffed on the ground, without adequate regard for the risks attendant to combining physical prone restraint with chemical sedation.

68. On information and belief, Defendants' conduct constituted, at minimum, gross negligence and/or willful misconduct, such that Defendants are not entitled to immunity under the Emergency Medical Services System Act or any other applicable statutory immunity.

69. As a factual and proximate result of Defendants' negligence, Plaintiff suffered and/or had aggravated the injuries and damages set forth above, including his prolonged hospitalization.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of two hundred fifty thousand dollars ($250,000) in compensatory damages, punitive damages, delay damages, interest, attorney's fees, and allowable costs of suit, and brings this action to recover same.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to each count and each Defendant.

Dated: September 2, 2026

Respectfully submitted,

/s/ Laura Zipin
Laura Zipin, Esquire
ID No. 324914

/s/ Brian J. Zeiger
Brian J. Zeiger, Esquire
ID No. 87063

Levin & Zeiger, LLP
1500 JFK Blvd, Suite 620
Philadelphia, PA 19102
(215) 825-5183